OPINION *Page 2 
{¶ 1} On May 19, 2006, Lawrence Township Police Officer Aaron Simon stopped appellant, Cody Bailey, for improper use of turn signals. Upon investigation, Officer Simon arrested appellant for driving under the influence in violation of R.C. 4511.19 and resisting arrest in violation of R.C. 2921.33.
 {¶ 2} On June 14, 2006, appellant filed a motion to suppress, claiming Officer Simon lacked probable cause to arrest him. A hearing was held on June 23, 2006. By judgment entry filed same date, the trial court denied the motion.
 {¶ 3} A jury trial commenced on August 2, 2006. The jury found appellant guilty of the driving under the influence charge, but not guilty of the resisting arrest charge. By journal entry filed August 8, 2006, the trial court sentenced appellant to one hundred eighty days in jail, fifty-six days suspended. A nunc pro tunc entry to make a corrective notation not affecting the nature and body of the trial court's sentence was filed on August 30, 2006.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT COMMITTED ERROR BY OVERRULING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in denying his motion to suppress. Specifically, appellant claims the evidence was insufficient to establish probable cause to arrest. We disagree. *Page 3 
 {¶ 7} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 8} Probable cause to arrest is not synonymous to probable cause for search. Arrest focuses on the prior actions of the accused. Probable cause exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson (1974),38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an *Page 4 
officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, and association with criminal and locations. Katz, Ohio Arrest, Search and Seizure (2001 Ed.), 83-88, Sections. 3.12-3.19.
 {¶ 9} In its judgment entry of June 23, 2006, the trial court found "there was probable cause to arrest Defendant for OVI based on the totality of the facts circumstances." These factors included appellant's admission to drinking, appellant's failure to perform field sobriety tests, and appellant's resistance to handcuffing. The trial court also reviewed the arrest video (Exhibit 1). Appellant did not challenge the stop.
 {¶ 10} We find these factors are established by the record. Officer Simon testified upon stopping appellant, he noted an odor of alcohol. T. at 5. Appellant admitted to drinking. T. at 5, 12. During the horizontal gaze nystagmus test, Officer Simon told appellant to keep his head still, but appellant did not comply. T. at 5-7. During the one-leg stand test, appellant at first attempted the test and then refused "to do any other tests." T. at 8. Officer Simon stated appellant's repeated use of his left and right turn signals and signaling left when turning right led to his probable cause determination to stop appellant. T. at 9.
 {¶ 11} We concur with the trial court's analysis when taken as a whole, appellant's demeanor and responses were sufficient to establish probable cause to arrest.
 {¶ 12} The sole assignment of error is denied. *Page 5 
 {¶ 13} The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed.
 By Farmer, J. Hoffman, P.J. and Delaney, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Massillon Municipal Court of Stark County, Ohio is affirmed. *Page 1